Judge Owbubv
delivered the Opinion of the Court,
On the 26th of July 1819, Sampson Turley executed a promisory note to John Pursley, for one hundred and sevety-five dollars, negotiable and payable, sixty days after date, at the Hopkinsville Branch Bank.
This note was afterwards endorsed by Pursley to B. Greenfield, and by Greenfield endorsed to the President and Directors of the Bank of Kentucky, and by them discounted.
Payment was not made according to the stipulatjons'ofthe note, and this action was brought by the Bank, to recover the amount of the note against Pursley as endorser.
The trial was had upon the general issue, and verdict and judgment recovered by Pursley.
On the trial, the Bank offered in evidence, a protest of the note purporting to have been made, on the last day of grace, by Charles G. Warfield, notary public, and drawn up in the usual form, hut concluding in the following words, to-wit;
In testimony whereof, I have hereunto set my hand and affixed my private seal, no seal notarial being yet provided.
Charles G. Warfield, N. P.”
But the reading of the protest in evidence was objected to by Pursley, and the objection sustained by the court.
The Bank then offered to prove by Warfield, the Notary Public for the county of Christian, that the note was protested by him, and that when he made the protest, he liad no seal of office? but the testimony of Warfield was also objected to and excluded by the court.
Whether or not in thus excluding the protest and testimony of Warfield from the jury, the court decided correctly is the only question presented for consideration in the present contest.
Seal is n<?t necessary to tJstof a bill of exchange?;
Protest, saysa J^atfested* by the Nota»y, but noth-' Sg^ai<l °"
We think the protest ought not to have been eluded. If the annexation of the notarial seal be essential to the validity of a protest; there would certainly be great plausibility, if not conclusive force, in the objection taken to the lack of the notarial seal. For after the note was discounted by the Bank, it assumed the dignity-of a foreign bill of exchange, and according to the well established doctrine of the Jaw-merchant, the holder of the note could have no recourse against the endorser, without a regular protest for non-payment; and of course, whatever is essential to the validity of the protest, must he made appear in evidence to the jury. But in our researches upon the subject, we have been unable to find any authority going* to make the annexation of the notarial seal material to the validity of the protest.
The most natural inference to be drawn from what is said by Chitty in bis treatise upon bills, is, that without the aid of a seal the protest of a Notas*y public is sufficient. “Whenever,” says he, “ notice of a non-acceptance, or non-payment of a foreign bill is necessary, a protest must also be made, which though mere matter of form, is by the custom of merchants indispensably necessary, and cannot be supplied by witnesses or oath of the party, or any other way, and as it is said, is part of the constitution of a foreign bill of exchange, and the mere production of this protest, attested by the Notary Public, will be.evidence of the dishonour of the bill.” Chitty on Bills, 169.
Now although it is not explicitly said, that the protest needs not the notarial seal, it would certainly be not a little surprising, that as accurate a writer and profound lawyer as Chitty undoubtedly is, should have passed over in silence the circumstance of sealing, and mention the attestation by the Notary as the only thing necessary to make the. protest evidence, if the annexation of the notarial seal be necessary to the validity of the protest.
Again, in another part of his treatise, he has given the form of a protest for non-payment, and in that he has omitted to suggest the slightest intimation as te the necessity of a seal
if {hero be no Notary, the bill may be protested by .my substantial person in the presence of witnesses— Here no seal is required.
Query — Whether by the Jaw merohant, the official seal was necessary to make the Notary’s certificate of the protest evidence.
Statute of Ky. makes ilie protestations and attestations of Notaries evidence without the official seal.
’Parol evidence is competent to prove that a protest of abillin this State, certified under tlic private seal of a Notary, was in fact made;, and by a No-'tar-"”
*240 But what is still more conclusive, to prove that a protest will be good though not sealed, it is said, “ if there be no Notary Public at the place where the bill is dishonoured, it may be protested by any substantial person of that place in the presence of two or more witnesses, (Ghitty on Bills, 159,) and of course to such a protest there can be no official seal; and why, it may he asked, should the annexation of a seal be necessary to give effect to a protest when made by a Notary Public, if without a seal the protest would be valid if made by a private individual?
But admitting the protest to he good without a seal, it may possibly by some be thought, that unless authenticated by the notarial seal, the protest is in itself incompetent to prove the fact it imports. It would seem, however, from the remarks of Chitty, to which we have already adverted, that he must have understood the doctrine of the law merchant to be otherwise; but whether or not in that respect he is mistaken, it is not necessary for us now to express au opinion.
For be the doctrine of the ancient law-merchant upon that subject what it may, we apprehend, that under the act of the Legislature of this country creating the office of Notary Public, the protest of a Notary forms in itself evidence of the fact it imports, without the aid of the notareal seal. The act of this country expressly declares, that due credence shall be given to the protestations and attestations of Notaries; and bow is it possible for that credence to be given, and at the same time deny the protest of the Notary to be competent to prove that he made the protest?
But were we even mistaken in' supposing, that since the act of this country the protest of a Notary' is in itself evidence, it would not thence follow, that to make it evidence, the annexation of the notarial seal is indispensably necessary. The protest, if authenticated by the seal of. office, might then be evidence without the aid of other proof; but it would be evidence, not because the seal incorporates itself with and forms a part of the protest, but because the seal, per se, would prove the protest to have *241 been made by a Notary Public. Without the aid of the. official seal, however, the protest would he valid, and though not in itself evidence, might be' evidence by proof aliunde. All that would benecessary to make it evidence, would be proof of the fact of its having been made by a Notary Public, and that fact might be proved by parol testimony. Were we, therefore, mistaken in the opinion, that though not authenticated, with the notarial seal, the protest should not have been excluded from going in evidence to the jury, the court evidently erred in not admitting the testimony of the Notary to prove that the protest was in fact made by him, unless we are also mistaken in supposing that the annexation of the notarial seal is not essential to the validity of the protest.
Qucry~~Wl\&> tkersuch eign protest,
Notary’s ccr^Saiiuhis state is snfficient without neousovidence.
Judgment & mandate,
Crittenden for plaintiffsj Mayes for defendant.
Whether or not the protest, if it had been made In a foreign country, would have been admissiblcf evidence without being authenticated by the notarial seal, is a question that does notarise in the present case, and is one Upon which we would not be understood as giving any opinion.
The protest in this case was made in this country» by an officer deriving his authority under the act of the Legislature of this State, and as such, should have been admitted as evidence without being authenticated by the seal of office, or proved by extraneous testimony. Protests made out of the country might perhaps require the aid of other evidence, but of that it will be proper further to consider when such a question becomes necessary to the right in contest.
In excluding the protest of the Notary from going in evidencetothe jury, therefore, the court erred, and consequently the judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent, with this opinion.